FILED

## United States District Court
## Northern District of Alabama
## Western Division

98 SEP 29 AM 9: 19

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| John T. McKinney and Geraldine McKinney, ] ] ] ] Plaintiff(s), ] ] vs. ] ] Physicians Mutual Insurance Company ] and Physicians Life Insurance Company, ] ] Defendant(s). ] | CV-98-N-1980-W |

ENTERED
SEP 29 1998

### Memorandum of Decision

Plaintiffs John T. McKinney and Geraldine McKinney assert claims for fraud, suppression, deceit, negligence, conspiracy to defraud, breach of contract, bad faith, and wantonness against defendants Physicians Mutual Insurance Company and Physicians Life Insurance Company on behalf of themselves and a class of similarly situated individuals. The defendants removed the action from the Circuit Court of Greene County, Alabama, and the plaintiffs have moved to remand. The action is ripe for decision and the motion to remand will be granted.

The plaintiffs claim that the amount in controversy does not reach the requisite $75,000 threshold required for diversity jurisdiction because they have disclaimed, on behalf of each class member, any entitlement to damages, compensatory or punitive, in excess of $75,000. The defendants dispute counsel's authority to so limit the claims on behalf of class members. This Court has previously held that class counsel may limit the

14

claims of themselves and of absent class members. *See Dowdle Butane Gas Co. v. Jones*, CV-96-N-3285-W, at 5-6 (N.D. Ala. 1997). Moreover, although the defendants contend that the complaint is ambiguous regarding whether $75,000 is the true total amount of damages per plaintiff in this action, the Court reads the complaint to mean what it says; namely, that the plaintiffs, in the aggregate seek no more than $75,000 for each class member. Such an unequivocal waiver of any recovery greater than $75,000 of any plaintiff in this action removes the amount-in-controversy issue from the analysis. *Jady Pipes v. American Security Insurance Company*, CV-96-H-206-NE (N.D. Ala. 1996) (Hancock, J.).

Finally, the defendants argue that the plaintiffs' requests for an award of attorney fees should be aggregated to meet the amount in controversy requirement of the statute. Again, the court has recently rejected this argument. *See, Campbell v. General Motors Corporation*, CV-98-N-1542-W.

The court views the plaintiffs' unequivocal waiver of any claim in excess of $75,000 for any plaintiff, named or unnamed, to be binding and to constitute consent to the entry of an order by this court so binding counsel and the parties.

This action will be **Remanded** to the Circuit Court of Greene County, Alabama. Costs of removal will be **Taxed** against the defendants and in favor of the plaintiffs.

Done, this 29th of September, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE